# IN THE COURT OF APPEALS OF IOWA

No. 19-1541
Filed August 4, 2021

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**CASSANDRA GREENWAY,**
　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Patrice Eichman, District Associate Judge.

On direct appeal, the defendant claims ineffective assistance of trial counsel. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**POTTERFIELD, Senior Judge.**

Cassandra Greenway was convicted of possession of a controlled substance, second offense, and judgment was entered against her in September 2019. On appeal, Greenway argues trial counsel provided ineffective assistance by failing to file a motion to suppress evidence based on an unconstitutional search by police officers.[1] But Iowa Code section 814.7 (Supp. 2019) prevents us from deciding claims of ineffective assistance on direct appeal from the criminal proceedings.[2] And this statute applies to Greenway's case.[3] *See State v. Tucker*, 959 N.W.2d 140, 145 (Iowa 2021) ("The new legislation applies to this appeal because judgment and sentence was entered after the effective date of the bill.").

Recognizing the hurdle created by the amended statute, Greenway argues section 814.7 is unconstitutional, challenging the statute in a number of ways. First, she challenges the statute for violating the separation-of-powers doctrine.

---

[1] In the alternative, Greenway asks us to adopt the plain error doctrine. Appellants have repeatedly asked our court to adopt the doctrine and heretofore, as recently as a couple of months ago, our supreme court has declined. *See State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) ("[The appellant] argues[] this court should adopt plain error review. We are disinclined to do so. We have repeatedly rejected plain error review and will not adopt it now."). We are not at liberty to overturn supreme court precedent. *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa 1990).

[2] The statute, which took effect July 1, 2019, provides:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and *the claim shall not be decided on direct appeal from the criminal proceedings.*

Iowa Code § 814.7 (emphasis added).

[3] In another appeal before our court, Greenway challenges her conviction for second-degree theft by raising a claim of ineffective assistance of counsel. As in this case, we are unable to decide her claim on direct appeal. *See State v. Greenway*, No. 19-1555, 2021 WL _____, at *_ (Iowa Ct. App. Aug 4, 2021).

*See id.* at 148 ("'The division of the powers of government into three different departments—legislative, executive, and judicial—lies at the very foundation of our constitutional system.' The 'historic concept of separation of powers to safeguard against tyranny' is memorialized in the Iowa Constitution.'" (citation omitted)); *see also* Iowa Const. art. III, Three Separate Departments, § 1. But our supreme court has already determined "section 814.7 does not violate the separation-of-powers doctrine," so this challenge fails. *Tucker,* 959 N.W.2d at 151.

Next, Greenway asserts section 814.7 is unconstitutional because it violates her right to equal protection under the law. *See* U.S. Const. amend. XIV, § 1, Iowa Const. art. I, § 6. "The first step in our equal protection analysis is to determine whether the challenged law makes a distinction between similarly situated individuals with respect to the purposes of the law." *Treptow*, 960 N.W.2d at 104. Greenway claims the law distinguishes between those defendants who have been convicted based upon insufficient evidence who were properly represented and those who were improperly represented. But again, our supreme court has already considered this argument. It concluded "those asserting claims other than a claim of ineffective assistance of counsel are not similarly situated to those asserting claims of ineffective assistance of counsel." *Id.* at 106. "A claim of ineffective assistance of counsel is more than an error preservation device; it is a substantive legal claim with its own elements." *Id.* And "[i]t is not unconstitutional or even unreasonable to treat as similarly situated only those parties whose cases are 'factually and legally similar' and 'share similar procedural histories.'" *Id.* (citation omitted). Because Greenway's argument is not based on "similarly situated individuals," her equal protection argument fails. *See State v. Dudley*, 766

4

N.W.2d 606, 616 (Iowa 2009) ("If a plaintiff cannot show preliminarily that persons in the two classes are similarly situated, we have concluded the court need not determine whether there is a constitutionally adequate basis for the persons' different treatment.").

Finally, Greenway agues section 814.7 violates her right to due process. But "[t]here is no due process right to present claims of ineffective assistance of counsel on direct appeal." *Treptow*, 960 N.W.2d at 108. "Due process merely requires an opportunity to present those claims in some forum." *Id.*

Because section 814.7 prevents us from deciding Greenway's claim of ineffective assistance on direct appeal and Greenway has not proved section 814.7 is unconstitutional, we affirm.

**AFFIRMED.**